**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

**ALEK MIRKO MASON and**
**ELENA YANCHEVA YANEVA,**

**Plaintiffs,**

**v.** **Case No. 2:26-cv-02259-KCD-NPM**

**LEE FOUNDERS WAY, LLC;**
**ECI MANAGEMENT, LLC; and**
**RENTDEBT AUTOMATED**
**COLLECTIONS, LLC,**

**Defendants.**

---

# UNIFORM CASE MANAGEMENT REPORT

---

## 1. Date and Attendees

Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A), a meeting was held on October 14, 2026 at 11:00 a.m. EST via videoconference. Plaintiffs Alek Mirko Mason and Elena Yancheva Yaneva, each pro se; Leia V. Leitner, counsel for Lee Founders Way, LLC and ECI Management, LLC; and David A. Grassi, Jr., counsel for RentDebt Automated Collections, LLC.

## 2. Deadlines and Dates

Plaintiffs request an accelerated schedule with the October 4, 2027 trial term. The following dates are Plaintiffs' proposals only and require agreement or Court approval. Plaintiffs are prepared to proceed promptly and propose this schedule to secure a just, speedy, and inexpensive resolution without limiting proportional discovery, expert proof, or dispositive motion practice.

| Action or Event | Plaintiffs' Proposed Date |
|---|---|
| Mandatory initial disclosures under Rule 26(a)(1) | 14 days after Rule 26(f) conference<br>October 28, 2026 |
| Deadline to move to join a party or amend pleadings | November 30, 2026 |
| Plaintiffs' expert disclosures/reports under Rule 26(a)(2) | November 13, 2026 |
| Defendants' expert disclosures/reports under Rule 26(a)(2) | December 14, 2026 |
| Rebuttal expert disclosures/reports | December 18, 2026<br>January 11, 2027 |
| Complete discovery and file motions to compel | January 15, 2027<br>April 15, 2027 |
| Class-certification motion | Not applicable |
| Complete mediation | April 19, 2027; mediator to be agreed. Plaintiffs will comply with Court-ordered mediation and reserve the right, as unrepresented parties, to seek appropriate relief concerning mediator fees under the Civil Action Order and Local Rule 4.02(e). |
| Dispositive and Daubert motions | May 24, 2027 |
| Final pretrial meeting under Local Rule 3.06(a) | August 16, 2027 |
| Motions in *limine* | August 30, 2027 |

| Action or Event | Plaintiffs' Proposed Date |
|---|---|
| Joint final pretrial statement; proposed jury instructions and verdict form (as applicable) | June 11, 2027<br>August 30, 2027 |
| Final pretrial conference (Judge Dudek's 2027 calendar) | September 20, 2027, at 1:30 p.m. |
| Requested trial term (Judge Dudek's 2027 calendar) | October 4, 2027 trial term (requested; Court approval required) |
| Estimated trial duration and mode | 4-5 days proposed; Plaintiffs demand a jury; Defendants contest jury entitlement |

**Expedition and preservation of rights:** Plaintiffs' proposed schedule is intended to permit full merits discovery and motion practice while reaching the October 2027 trial term. By proposing an accelerated schedule, Plaintiffs do not waive any claim, jury demand, expert testimony, discovery entitlement, procedural objection, or the right to seek modification of a deadline for good cause if later developments reasonably require it.

**Jury issue:** Plaintiffs preserve the jury demand stated in the Complaint and do not concede that the Lease's jury-trial waiver is enforceable or applicable to every claim or defendant. Lee Founders Way and ECI invoke the contractual jury waiver, and RentDebt also denies Plaintiffs are entitled to a jury. Jury/non-jury classification is reserved for the Court.

### 3. Description of the Action

This action arises from Plaintiffs' residential tenancy at Waterline Bonita Springs, the handling of reported apartment conditions, Plaintiffs' request for a disability-related early termination without penalty, the assessment and maintenance of disputed move-out charges, and the subsequent collection and credit-reporting activity concerning those charges. Plaintiffs assert five claims: Count I, breach of the residential Lease Agreement against Defendant Lee Founders Way, LLC; Count II, violation of the Florida Residential Landlord and Tenant Act, Fla. Stat. §§ 83.51, 83.54, and 83.55, against Lee Founders Way, LLC; Count III, negligence based on Defendant ECI Management, LLC's alleged negligent undertaking of



401813261v.3

maintenance and repair; Count IV, failure to make a reasonable accommodation under the Fair Housing Act, 42 U.S.C. § 3604(f)(3)(B), against Lee Founders Way, LLC and ECI Management, LLC; and Count V, violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e(2)(A) and 1692f(1), against Defendant RentDebt Automated Collections, LLC.

Plaintiffs seek the relief pleaded in the Complaint, including compensatory damages for disputed rental and move-out charges, loss of use and enjoyment, moving and other out-of-pocket expenses, loss of time, physical injury and aggravation of symptoms suffered by Plaintiff Yaneva to the extent proven, collection and consumer-credit harm, and emotional distress; statutory damages under the FDCPA; punitive damages under the Fair Housing Act to the extent supported by the evidence; taxable costs, applicable interest, appropriate equitable relief, and such other relief as the Court deems just and proper.

All Defendants deny liability. Lee Founders Way and ECI Management deny breach, negligence, and Fair Housing Act liability and assert, among other defenses, contractual compliance, causation, mitigation, statutory notice/remedy defenses, setoff, and contractual jury-trial waiver.

Lee Founders Way and ECI Management have asserted several affirmative and other defenses. These include contractual compliance and lack of causation. They also contend that Plaintiffs failed to mitigate any claimed damages. In addition, they rely on applicable statutory notice and remedy provisions, a right of setoff for amounts Plaintiffs owe under the lease, and the jury-trial waiver in the parties' lease agreement. Defendants have reserved the right to assert further defenses as discovery proceeds.

RentDebt denies FDCPA liability and asserts, among other defenses, lack of personal jurisdiction, failure to state a claim, bona fide error, causation, and mitigation. Plaintiffs dispute those defenses. No position on the merits is stipulated by this report.

### 4. Disclosure Statements

The parties have filed the disclosure statements required by Federal Rule of Civil Procedure 7.1 and Local Rule 3.03.

### 5. Related Action

The parties will identify any potentially related action under Local Rule 1.07(c). Under the case-specific Civil Action Order (Doc. 5, § 7), the parties must jointly file

a separate Notice of Related Action with the completed CMR even if no related action exists. 6. Consent to a Magistrate Judge

**6. Consent to a Magistrate Judge**
The parties do not consent to a Magistrate Judge.

**7. Preliminary Pretrial / Rule 16(b) Conference**

The parties do not want to proceed with a Preliminary Pretrial Rule 16(b) conference.

**8. Discovery Practice**

The parties will comply with the Local Rules, the Civil Action Order, and the Middle District Discovery Handbook, including the obligation to confer substantively and in good faith before seeking judicial relief on a discovery dispute.

**9. Discovery Plan under Rule 26(f)(2)**

**A. Initial disclosures.** Plaintiffs propose the standard Rule 26(a)(1) disclosures, without modification, due 14 days after the planning conference. Any damages computation will be based on information reasonably available at the time and supplemented under Rule 26(e) as discovery and expert evidence develop.

**B. Subjects.** Relevant and proportional discovery includes: (1) the Lease and addenda, account ledger, surrender/retaking dates, prepaid rent, early-termination provisions, December 2025 and January 2026 rent charges, the $105 cleaning charge, the $75 trash-removal charge, and other move-out charges; (2) Lee/ECI ownership and management roles, maintenance obligations, policies, procedures, training, decision-making authority, and communications concerning maintenance, disability accommodations, early termination, move-out accounting, and collection referral; (3) unit-specific conditions and maintenance evidence concerning dust, visible mold, dead insects/debris, HVAC and thermostat issues, hot water, pests/animal feces, inspections including the November 25, 2025 AMG inspection, photographs, and video; (4) the accommodation request, physician documentation provided to the Property Defendants, communications concerning the request, documents reviewed, decisionmakers and their authority, policies, training and practices concerning disability accommodations, alternatives considered, and comparable accommodation requests to the extent relevant and proportional; (5) causation, mitigation, damages, and medical evidence to the extent relevant and proportional; (6) placement of the Waterline account with RentDebt, the creditor-RentDebt relationship and instructions concerning the account, the $723.91 claimed balance and itemization, collection activity,

furnishing to Experian, Equifax, and TransUnion, account notes and data reflecting dispute status or updates, Plaintiffs' July 16, 2026 dispute, RentDebt's July 23, 2026 response, any investigation or verification, and communications with consumer reporting agencies and the creditor; (7) policies, procedures, training, and facts supporting RentDebt's bona fide-error defense; (8) RentDebt's Florida-related contacts, including relevant Florida creditor relationships, account placements, collection activity, and contacts concerning this account, as relevant to its preserved personal-jurisdiction defense; and (9) facts material to the parties' remaining pleaded defenses.

Defendants, Lee Founders and ECI's discovery topics, include, but are not limited to, all communications between Plaintiffs, Lee Founders, and ECI regarding notice given for early termination, payment records, move-in and move-out photos and videos, inspection checklists, repair requests, maintenance records, and other documentation that supports the defense of Plaintiff's claims.

**C. Phasing**. The parties do not presently propose phasing for discovery.

**D. Electronically stored information.** The parties agree to produce documents in PDF format. If there is a need to obtain access to documents stored in an electronic portal, the parties will discuss providing access to the same in a reasonable manner.

**E. Privilege and sensitive information.** Plaintiffs propose discussing privilege logs under Rule 26(b)(5), a possible Federal Rule of Evidence 502(d) order, and, if medical records are sought from providers, an appropriately tailored HIPAA-qualified protective order.

**F. Discovery limits.** The parties initially propose the numerical limits imposed by the Federal Rules of Civil Procedure and Local Rules

**10. Special Handling.** The parties do not require special handling for this matter

**11. Certification of familiarity with the Local Rules**

The parties certify that they have read and are familiar with the Court's Local Rules.

Dated: October 26, 2026

Respectfully submitted,

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**

By: /s/ *Leia V. Leitner*
Leia V. Leitner, Esq.
Florida Bar No.: 0105621
111 North Orange Avenue
Suite 1200
Orlando, Florida 32801
Telephone: 407-203-7287
Facsimile: 407-648-1376
Leia.Leitner@wilsonelser.com
Alyssa.Heitman@wilsonelser.com
Attorneys for Defendants, *Lee Founders Way, LLC and ECI Management, LLC*

By: /s/ *Alex Mirko Mason*
Alek Mirko Mason,
Plaintiff, *Pro Se*
Elena Yancheva Yaneva
Plaintiff, *Pro Se*
14132 FM 1097 Road West, Suite 300,
PMB 1030, Willis, Texas,
Tel. (830) 830-6374;
amason.litigation@gmail.com
Appearing as Plaintiffs, *Pro Se*

**FROST ESCHOLS LLC**

By: */s/David A. Grassi, Jr.*
David A. Grassi , Jr
Florida Bar No.: 1040225
P.O. Box 12645
Rock Hill, SC 29731
Physical Address:
300 Chatham Ave., Suite 310
Rock Hill, SC 29730
803-329-8970
david.grassi@frostechols.com
*Attorneys for Defendant, RentDebt Automated Collections, LLC*